**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CHRISTOPHER SMITHHART,**

        Petitioner,

v.                                                                              Civil no.  3:06-cv-11
                                                                                    (Judge Broadwater)

**DOMINIC GUTIERREZ,**

        Respondent.

**REPORT AND RECOMMENDATION ON PETITIONER'S
MOTION FOR INJUNCTIVE RELIEF AND FOR RELEASE ON BOND**

On April 3, 2006, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus Under 28 U.S.C. § 2241. This case before the undersigned on petitioner's "Motion for TRO &/or PI to Order Petitioner to NOT be Transferred Consolidated with Motion for Release on Bond."

### I. Motion for Injunctive Relief

The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in <u>Blackwelder Furniture Co. v. Seilig Mfg. Co.</u>, 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

    (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

    (2) the likelihood of harm to the defendant if the requested relief is granted,

    (3) the likelihood that the plaintiff will succeed on the merits, and

    (4) the public interest.

<u>Direx Israel, Ltd v. Breakthrough Medical Corp.</u>, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports

granting the injunction." Id. (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. Id. The required harm "must be neither remote nor speculative, but actual and imminent." Id. (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. Id. (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

In his case, petitioner has failed to make any showing that he will be harmed if an injunction does not issue. In fact, petitioner's entire basis for the motion, that his § 2241 petition would become void if transferred out of the jurisdiction of this Court, is simply unfounded. Jurisdiction in a § 2241 case attaches at the time the case is filed. See In Re Jones, 226 F.3d 328, 332 (4th Cir. 2000); United States v. Edwards, 27 F.3d 564, 1994 WL 285462, *1 (C.A. 4 (S.C.) 1994) (unpublished). Therefore, a petitioner's subsequent transfer outside the jurisdiction of the filing court does not necessarily destroy jurisdiction "in the district where the prisoner was incarcerated at the time the habeas petition was filed." Chatman-Bey v. Thornburgh, 864 F.2d 804, 806 n. 1(D.C. Cir. 1988) (citing Ex parte Mitsuye Endo, 323 U.S. 283, (1944); Edwards, supra.

Moreover, as discussed in an Order issued contemporaneously with this report and recommendation, I determined that this Court does not have the authority to issue an Order preventing the BOP from transferring petitioner during the pendency of this case.  See Meachum v. Fano, 427 U.S. 215 (1976) (finding that the transfer of a convicted and sentenced inmate is within the sound discretion of the BOP); see also 18 U.S.C. § 3621 (providing that "[t]he Bureau of Prisons shall designate the place of a prisoner's imprisonment").

Accordingly, it is recommended that petitioner's motion for injunctive relief be DENIED.

## II.  Motion for Release on Bond

A person seeking interim release during the pursuit of habeas remedies faces a formidable barrier.  Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir.1972).  This formidable barrier is created by the fact of the conviction and the government's interest in executing its judgment. Id.  Thus, "in the absence of exceptional circumstances . . . the court will not grant bail prior to the ultimate final decision unless petitioner presents not merely a clear case on the law, . . . but a clear, and readily evident, case on the facts."  Id.

Here, petitioner merely asserts that he "meets all the criteria of release on bond." Accordingly, petitioner has not met his burden and it is recommended that his Motion for Release on Bond be DENIED.

## III. Recommendation

In consideration of the foregoing, it is recommended that the petitioner's "Motion for TRO &/or PI to Order Petitioner to NOT be Transferred Consolidated with Motion for Release on Bond" (Doc. 8) be DENIED in its entirety.

Any party may file within ten (10) days after being served with a copy of this

Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge for the Northern District of West Virginia. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[1]

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: April 24, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[1] See 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).