IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER SMITHHART,

        Petitioner,

    v.                                    CIVIL ACTION NO. 3:06cv11
                                            (Judge Bailey)

DOMINIC A. GUTIERREZ,

        Respondent.

## REPORT AND RECOMMENDATION

## I.  BACKGROUND

On February 1, 2006, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241, seeking an order that the state of Kentucky has violated the Interstate Agreement on Detainers Act (IAD).  On February 16, 2006, the undersigned made a preliminary review of the matter and determined that summary dismissal was not appropriate.  Accordingly, the respondent was directed to show cause why a writ should not be granted.  On April 5, 2006, the respondent filed a Memorandum in Support of Return on Petition for Writ of Habeas Corpus and Motion to Dismiss.  On May 3, 2006, a Roseboro Notice was issued.[1]   On May 23, 2006, the petitioner filed a response.

## II.  FACTS

On September 5, 2003, the United States District Court for the Western District of Kentucky sentenced the petitioner to sixty (60) months incarceration for "Possession with intent to distribute controlled substance, Cocaine, and distribution of Cocaine and Aiding and Abetting " in  violation

---

[1]Although the respondent filed a Memorandum in support of its Motion to Dismiss, he did not actuall file a Motion to Dismiss, and no such motion is pending on the Court's docket. However, out of an abundance of caution, the *pro se* petitioner was issued a Roseboro Notice.

of 21 U.S.C. § 841(a)(1) and "Conspiracy to possess with intent to distribute and distribution of controlled substance, Cocaine" in violation of 21 U.S.C. § 846. (Dckt. 9-2, pp. 1-2).The petitioner was delivered to the custody of the Bureau of Prisons ("BOP") on October 16, 2003, and was designated to the Federal Correctional Institution in Manchester, Kentucky ("FCI Manchester") for service of his sentence. (Id. at p.2).

Pursuant to Program Statement 5800.13, Inmate Systems Management Manual, when a review of an inmates Presentence Report or FBI Rap sheet indicates the possible existence of any untried charges, the BOP staff must initiate an inquiry into the status of the untried charges by means of a Detainer Action Letter ("DAL"). (Dckt. 9-20, p. 3). In compliance with this directive, the staff at FCI Manchester mailed a DAL to the Henderson County Sheriff's Office in Henderson, Kentucky on October 22, 2003. (Dckt. 9-2, p. 2). The purpose of the letter was to request an investigation into a report of pending charges against the petitioner and directions for placing a detainer against him if they so wished. (Id.)

Because the Henderson County Sheriff's Office failed to respond within 30 days, staff at FCI Manchester mailed a second DAL to the Henderson County Sheriff's Office on November 24, 2003. (Id. at pp. 2-3). The Sheriff's Office responded with a handwritten notation that they did not have any records of any pending charges against the petitioner. (Dckt. 9-6). However, the Sheriff's Office forwarded the DAL to the Circuit Clerk for Henderson County for further inquiry. (Id.).

On February 4, 2004, the staff at FCI Manchester received a letter from William I. Markwell, Commonwealth Attorney for the Commonwealth of Kentucky. Mr. Markwell requested that a detainer be placed against the petitioner and attached a certified copy of the indictment against him to support the placement of the detainer. (Dckt. 9-7, pp. 1-4). On February 11, 2004, the staff at FCI Manchester mailed a separate DAL to Office of the Commonwealth's Attorney in Henderson,

Kentucky, confirming that the detainer had been lodged. (Dckt. 9-2, p. 3). The letter also informed the Office of the Commonwealth's Attorney that they would be notified sixty days prior to the petitioner's release. (Id.).

On February 12. 2004, the BOP issued the petitioner a "IAD-Notice to Inmate" form making him aware of the outstanding charge of "Fraudulent Insurance Auto Over $300.00 from Henderson County, Kentucky. (Dckt. 9-9). The notice made the petitioner aware of all his rights under the IAD, including the right to request disposition of untried charges and to request counsel. Id. Petitioner signed the document and indicated that he did not wish to file under the IAD at that time. Id. On November 30, 2004, the petitioner sent an "Inmate Request to Staff" asking to invoke his rights under the IAD on the Kentucky detainer. (Dckt. 9-10). However, on December 8, 2004, the petitioner sent another "Inmate Request to Staff" withdrawing the request to invoke his rights under the IAD. (Dckt. 9-11). On December 27, 2004, the petitioner was transferred to FCI Morgantown. (Dckt. 9-21, p.2).

On February 3, 2005, the petitioner sent an "Inmate Request to Staff" again requesting staff to invoke his rights under the IAD. (Dckt. 9-12). Thereafter, the petitioner signed a BOP notice to the prosecuting officer in Henderson County, Kentucky, requesting final disposition of all untried indictments for which detainers had been lodged against him. (Dckt. 9-13). On February 28, 2005, the Case Management Coordinator at FCI Morgantown prepared a letter to Charles R. McCollum, III, County Attorney, Henderson County, Kentucky, stating that the petitioner requested disposition of all pending charges in that jurisdiction pursuant to the IAD. (Dckt. (9-14). Although there is no record that it was received, a copy was also mailed to the Henderson County Circuit Clerk. (Id.).

On April 5, 2005, Mr. McCollum responded by letter that a review of his records indicated that there were no unresolved cases regarding the petitioner in Henderson District Court. However,

there were records indicating that the petitioner had two outstanding criminal summons which would be handled by William Markwell, the Commonwealth Attorney for Henderson County. Mr. McCollum indicated that the petitioner's request for final disposition of all untried charges was forwarded to Mr. Markwell for his review. (Dckt. 9-18).

On August 5, 2005, after staff at FI Morgantown failed to receive any plans from Henderson County, Kentucky, about taking custody of the petitioner for purposes of his untried tried charges, the Case Management Coordinator at FCI Morgantown wrote another letter to Charles R. McCollum, III, requesting the status of the petitioner's request for final disposition of all untried charges. As of April 5, 2006, the date of the respondent's reply and Motion to Dismiss, the petitioner had never been tried for the charges relating to his Kentucky detainer, and the detainer was still valid. Although the petitioner was asked if he wished to re-initiate the IAD process, he declined because he did not want any absence from FCI Morgantown to affect his ability to complete the Residential Drug Abuse Program**.**

### III. Claims of the Petitioner:

The petitioner claims that he and the BOP have done everything necessary to invoke his rights under the IAD. More specifically, the petitioner alleges that he served Kentucky with appropriate notice that he wished to invoke the IAD and have the matters pending against him resolved. The petitioner was enrolled in the 500 hour Residential Drug Abuse Program. However, because of the detainer, he has been unable to complete the six month residential treatment program. Because Kentucky failed to commence trial within 180 days of receipt of his request for final disposition of the underlying charges, the petitioner appears to be requesting that this Court order the detainer lifted.

### IV. Respondent's Response and Motion to Dismiss

In his reply and Motion to Dismiss, the respondent argues that the petitioner has failed to state a claim against the United States for which he can properly invoke the provisions of 28 U.S.C. § 2241. In addition, the respondent argues that to the extent that this matter can be heard under § 2241, the petitioner has failed to exhaust his administrative remedies, and the matter must be dismissed.

## V. **ANALYSIS**

The Fourth Circuit has made clear that 28 U.S.C. § 2241 is the mechanism by which federal prisoners may challenge the execution of their federal sentences. U.S. v. Little, 392 F.3d 671, 679 (4th Cir. 1991). Here, petitioner's allegations are directly related to his pending state charges, and more particularly to the removal of the detainer lodged by the State of Kentucky. The petitioner has not raised any claim regarding the constitutionality of his federal sentence. In fact, he makes no claim that his federal sentence is in any way unlawful. Furthermore, he is not challenging the fact or duration of his federal confinement or the execution of his federal sentence.

Moreover, in reviewing the documents tendered by both the petitioner and the respondent, it appears that the detainer lodged by the State of Kentucky does not violate the IAD. While Article III(a) of the IAD requires that trial must commence within 180 days of receipt by the prosecuting State of the prisoner's request for final disposition of the charges underlying the detainer, the burden is on the detainee to establish that his request was properly filed. In March of 2006, the petitioner filed a Motion to Dismiss the Kentucky indictment for violation of the IAD. (Dckt. 15-4).[2] In his order denying the motion, the Henderson Circuit Court Judge noted that the petitioner was required to serve notice of his request for final disposition on both the court clerk and the prosecuting

---

[2]This motion was filed *pro se* and after the petitioner had advised FCI Morgantown that he did not wish to re-initiate the IAD process.

attorney. No such notice was filed in the record, nor did the record show that a notice was ever actually delivered to the Circuit Court Clerk. (Dckt. 15-11, p. 2). Although the BOP sent the petitioner's request for final disposition of all untried charges to the County Attorney for Henderson County, Kentucky and to the Henderson County Circuit Clerk on or about February 28, 2005, there is no record that the Circuit Court Clerk received a copy of the materials. (Dckt. 9-17). Accordingly, the requirements for initiating trial under the IAD were not fulfilled, and the 180 day limitation never began to run.

Finally, Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In filing his petition, the petitioner's ultimate goal was to have the Kentucky detainer lifted so that he could complete the RDAP program and possibly reap the benefit of a one year reduction in his federal sentence. On September 6, 2006, the petitioner advised the Court that his new mailing address was at the Federal Prison Camp in Manchester, Kentucky. On January 4, 2007, the petitioner advised the Court of yet another new mailing address at 4398 Saint Olaf Circle in Henderson, Kentucky. Although the petitioner has not provided the Court with any further information, the BOP website indicates that he was released from their custody on July 6, 2007. Accordingly, the petitioner can no longer benefit from the RDAP, and the case is now moot.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DENIED,** .

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the John P. Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: August 9, 2007

 /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE